[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Respondent William T. Browne, juris number 006787, was admitted to practice and has continued to practice as a member of the Bar of the State of Connecticut since August 12, 1958. Before the court is the Statewide Grievance Committee's presentment of Attorney Browne for misconduct. CT Page 15891
On or about October 1, 1998, the Respondent settled a personal injury action on behalf of his client, Mr. Daniel Merlo, for $5,450.00.
The evidence before the court disclosed that prior to the above date of settlement, the client, Merlo, had become indebted to Mr. John Maresca in the sum of $2,000.00. By letter dated July 7, 1997 (Plaintiffs Exhibit C) the Respondent agreed to protect Maresca's claim "if this matter is settled or we obtain a judgment in court (after taking into account court costs. . . . and other protected outstanding obligations owed by our client."
One such "outstanding obligation" of Merlo was a note dated March 7, 1997 (Defendant's Exhibit 1) in which he acknowledged a debt to a Vernon Perry in the amount of $2,300.00 and "agreed that I will pay this money when my accident of May 1996 is settled from the proceeds."
The Respondent testified that at the time of settlement he prepared a settlement statement indicating a negative balance of -$218.45 remaining after payment of a $3,076.50 bill to Dr. Santoro, the sole medical provider (Defendant's Exhibit 3). Thereafter, faced with the dissatisfaction of his client, the Respondent negotiated a reduction of Dr. Santoro's bill to $1,076.50. This created a positive number of $1,965.20 represented as "net check to client (Daniel Merlo held for Vernon Perry)" on a second settlement statement dated October 1, 1998 (Defendant's Exhibit 8). Upon withholding the $1,965.20 for the benefit of and payment to Vernon Perry, the Respondent was without funds to remit to Maresca. This engendered Mr. Maresca's complaint against the Respondent. of significance to the court is the fact that Mr. Maresca failed to appear and/or testify at both the Review Committee hearing and the presentment hearing before the court. Further, no explanation for the absence of his testimony at the presentment hearing was forthcoming from the Committee. One can only speculate as to the reasons for Maresca's failure to testify, including his possible abandonment of his complaint.
By letter dated March 9, 2000 (Plaintiffs Exhibit E) the Respondent provided counsel for the Grievance Committee George J. Ferrio with the closing statement indicating a negative balance to Merlo only, claiming, therefore, that the conditional language in his letter of protection to Maresca should absolve him of any rule violation. At no time prior to the presentment hearing did Respondent ever claim knowledge or the existence of any other settlement statement.
The Grievance Committee has claimed that the Respondent's action in indicating to the Committee that no funds were left from Merlo's settlement with which to pay the Maresca claim, was false and violated Rule 1.15(b) of the Rules of Professional Conduct. Further, the CT Page 15892 Committee claims that the use of any statement that falsely indicated a negative net settlement balance in support of the Respondent's answer to the grievance complaint violated Rules 3.3(a)(1) and (2), 8.1(1) and (2) and 8.4(1)(3) and (4) of the Rules of Professional Conduct.
Rule 1.15(b) requires that "upon receiving funds. . . . which a client or third person Has an interest in . . . a lawyer shall promptly deliver to the client or third person [such] funds as the client or third personIS ENTITLED TO RECEIVE" (emphasis added). The court finds that the Respondent did not violate this rule as his letter of protection clearly conditioned remittance on the prior payment of "other protected outstanding obligations" owed by Merlo which would include Merlo's debt to Vernon Perry.
Rule 3.3(a)(1) states that "(a) a lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client". The court believes that the Respondent's conduct in identifying the settlement statement showing a negative balance to the client only when before the Committee, and withholding the second statement revealing the reduction in the health provider's bill, violates the spirit, if not the letter, of Rule 3.3(a)(1). With respect to 3.3(a)(2) the court finds that said rule does not apply to the conduct under consideration as it requires evidence of a "criminal or fraudulent act by the client" which the court finds absent.
With respect to Rule 8.1(1), "knowingly make a false statement of material fact," or (2) "fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information. . . .," the Respondent did withhold the October 1, 1998 statement from the grievance committee either knowingly or carelessly.
With respect Rule 8.4(1), 8.4(3) and 8.4(4), said sections in essence provide that it is "professional misconduct" for a lawyer to (1) "violate any other rule," or "engage in conduct involving dishonesty, fraud, deceit or misrepresentation, or "engage in conduct . . . prejudicial to the administration of justice." The court concludes that the Respondent violated 8.4(1) as the court has stated previously that said Respondent violated 3.3(a)(1). Said violations, however, all result from the Respondent's failure to bring the second statement to the attention of the grievance committee. The court, however, will not characterize said failure as justifying the finding of dishonestly, fraud, deceit or misrepresentation, nor, can the court conclude that the mere failure of the Respondent to produce said statement rises to the level of being CT Page 15893 prejudicial to administration of justice.
The court must add that evidence disclosed that at the time of Respondent's handling of the Merlo case, he was spending only eight to ten hours per month in his office due to his wife Joan's 3 year battle with metastatic uterine cancer which claimed her life on April 30, 2001 (Defendant's Exhibit 10). Further evidence disclosed that the Respondent, himself, during the thirteen years leading up to the Merlo case, underwent "multiple angioplasty procedures, cardio bypass surgery, and stent placement on two occasions in the saphenous vein to the obtuse marginal branch of the left coronary artery. If his wife's illness and death as well as his own health problems were an impediment to his functioning effectively in his practice the court would understand this.
Nevertheless, the court believes that some sanction is warranted because of the Respondent's failure to disclose the settlement statement of October 1, 1998 to the Grievance Committee. Therefore, it is the decision of this court that a reprimand issue as against the Respondent William T. Browne.
Skolnic, Judge